SHAOHUA JIANG, Petitioner,

v.

UNITED STATES IMMIGRATION
AND NATURALIZATION
SERVICE, Respondent.

Nos. 02–4274–ag (L), 04–5145–ag (con).

United States Court of Appeals,
Second Circuit.

Dec. 8, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Jo Ann M. Navickas, Jacqueline L. Spratt, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner ShaoHua Jiang, native and citizen of the People's Republic of China, seeks review of: (1) a June 7, 2002 order of the BIA affirming the September 10, 1998 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying the petitioner's application for asylum and withholding of removal; and (2) a December 11, 2002 order of the BIA denying the petitioner's motion to reopen. *In re ShaoHua Jiang,* No. A 75 985 144 (B.I.A. June 7, 2002), *aff'g* No. A 75 985 144 (Immig. Ct. N.Y. City Sept. 10, 1998); No. A 75 985 144 (B.I.A. Dec. 11, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng*

*Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). When the agency's findings "rely upon legal errors, the appropriate remedy is generally to vacate those findings and remand to the BIA for reconsideration of an applicant's claim." *Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 106 (2d Cir.2006). If, however, "the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors," we consider remand futile and affirm the agency's decision. *Id.* at 107.

■ In this case, the IJ's adverse credibility finding was supported by substantial evidence. First, although Jiang testified that his marriage certificate was issued in August 1993, two translations of his household register indicated that Jiang was married on March 16, 1995. Second, Jiang's wife and children were not listed in the household registration when it was issued in August of 1994 even though they were married, according to Jiang, and living together prior to that date. Third, the household registration booklet indicated that Jiang's children were born in Fuzhou City, even though Jiang testified that his children were born in Xiao Ming. Fourth, Jiang's statements concerning when he paid the 8,0000 fine and when his children were registered were inconsistent. Finally, Jiang provided inconsistent testimony regarding whether he had returned to his home village after moving to Fuzhou City. Given these inconsistencies with Jiang's testimony, written statements, and docu-

**40**

mentary evidence, we are not compelled to conclude that the IJ erred in finding him not credible.

 We note that the IJ did err in rejecting the x-ray evidence of Jiang's wife's sterilization because it was not conducted "under the auspices of a United States government authorized physician." It is unclear how Jiang's wife, who resides in China, could be reasonably expected to have access to a "United States authorized physician." *See Li v. INS,* 453 F.3d 129, 141 (2d Cir.2006) (holding that the IJ erred by demanding documentation that was not reasonably accessible to the alien). Despite this error, remand is not required because the IJ's adverse credibility finding is supported by the inconsistent evidence detailed above and we are confident that the agency would reach the same result on remand. *See Lin,* 453 F.3d at 106.

 The BIA did not abuse its discretion in denying Jiang's motion to reopen. Jiang filed his motion to reopen 91 days after entry of the BIA's order. A motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, but there is an exception to this deadline for asylum applications based on changed country conditions. 8 U.S.C. § 1229a(c)(7) & (c)(7)(C)(ii). Jiang's submission of the new translation of his household registration booklet did not establish a change in country conditions. The BIA, therefore, did not abuse its discretion in dismissing Jiang's motion as untimely.

Accordingly, Jiang's petition for review is DENIED. The stay of removal that this Court previously granted in this petition is VACATED.